# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| In Re: Edgar C. Godfrey, III, *et al*. | ) ) ) ) ) ) ) ) ) | Civil Action No.: 3:20-cv-01856-JMC <br><br> **ORDER AND OPINION** |

Currently before the court is an interpleader action initiated by Brighthouse Life Insurance Company ("Brighthouse") under Rule 22 of the Federal Rules of Civil Procedure. (ECF No. 1 at 1.) In January 2021, the court approved the Interpleader Deposit and Brighthouse was dismissed from the case. (*See* ECF Nos. 39, 40.) The only remaining issue appears to be a pending Motion for Summary Judgment (ECF No. 11) brought by Defendant Lucille M. Godfrey against co-Defendant Edgar C. Godfrey, III. For the reasons discussed below, the court must dismiss this case because it lacks subject matter jurisdiction.

Interpleaders are generally brought in federal court as either "rule interpleaders" under Federal Rule of Civil Procedure 22, or "statutory interpleaders" in accordance with the Federal Interpleader Act. *See* 28 U.S.C. §§ 1335, 1397, 2361. Actions brought as rule interpleaders must establish "either federal question jurisdiction or diversity jurisdiction." *Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1241 (E.D. Ky. 2011) (citation omitted).

While Rule 22 interpleaders "require[] diversity of citizenship only between the stakeholder and the competing claimants, this requirement does not confer diversity jurisdiction over *other* claims in a Rule 22 interpleader action. In this respect, claims other than the Rule 22 interpleader action require an independent basis for jurisdiction or supplemental jurisdiction." *Nw. Mut. Life Ins. Co. v. Moore*, No. 1:19-CV-1312, 2021 WL 54362, at *8 (E.D. Va. Jan. 5, 2021)

(emphasis added) (citing *Travelers Ins. Co. v. First Nat. Bank of Shreveport*, 675 F.2d 633, 637-38 (5th Cir. 1982)). Thus, although not addressed by the parties, at issue is whether the court retains subject matter jurisdiction to address the state law claims that Ms. Godfrey seems to raise. (*See* ECF No. 11.) *See also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." (citation omitted)).

Here, the court finds it lacks subject matter jurisdiction over this matter. Ms. Godfrey has brought no claims or cross claims against Mr. Godfrey in this action, or filed any third-party complaint against him. It is thus unclear on which claims she relies in her Motion for Summary Judgment.[1] Even construing this Motion as raising certain claims, the court notes these claims lack any basis for subject matter jurisdiction, as both parties are residents of South Carolina and the claims appear to relate to state law involving agency and breach of contract. (*See* ECF No. 11.) Further, the court declines to exercise supplemental jurisdiction over this matter. *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished.")

---

[1] Brighthouse initiated this action by filing the Complaint against Edgar Godfrey and Lucille Godfrey, both of whom seek the proceeds of a $100,000 life insurance policy. (*See* ECF No. 1.) Although Mr. Godfrey initially filed counterclaims against Brighthouse, these claims were apparently abandoned and Brighthouse was dismissed from the case. (*See* ECF Nos. 39, 40.) The court discerns no other claims or counterclaims brought by the parties in this matter. The court simply cannot hear or address claims for which there is no actual case or controversy.

In sum, as the Rule 22 interpleader action has been resolved and no independent basis for subject matter jurisdiction otherwise exists, the court *sua sponte* **DISMISSES WITHOUT PREJUDICE** this case, with leave to refile in South Carolina state court.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

February 25, 2021
Columbia, South Carolina